IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JUAN BRAVO AND VIVIANA ORTIZ,

    Plaintiffs,

    v.

FEDERAL NATIONAL MORTGAGE
ASSOCIATION A/K/A FANNIE MAE,

    Defendant

Civil No. 18-1548 (BJM)

## ORDER

This diversity case was brought by plaintiffs Juan Bravo and Viviana Ortiz (collectively "Bravo") on August 6, 2018, seeking monetary relief for damage to their apartment suffered in the aftermath of Hurricane Maria. Dkt. 1 (hereinafter "Bravo Compl."). Before the court is defendant Federal National Mortgage Association's ("Fannie Mae") motion to add Manuel Mayor Valenzuela ("Mayor"), Margarita Rodríguez Silva ("Rodríguez"), and the conjugal partnership that exists between them as defendants pursuant to Fed. R. Civ. P. 19(a). Dkt. 20 (hereinafter "Fannie Mae Mot."). The case is before me for disposition on consent of the parties. Dkt. 12. Upon review of the parties' submissions, Fannie Mae's motion is **DENIED**.

## BACKGROUND

The main cause of action in this case is a $935,000 suit brought by Bravo alleging that the damage suffered to their apartment in the aftermath of Hurricane Maria was due to Fannie Mae's negligent maintenance of the Penthouse-1 ("PH-1") apartment located directly above Bravo's apartment. Bravo Compl. 4:34–35. This court is capable of exercising jurisdiction as the amount in controversy exceeds $75,000 and there is complete diversity of the parties. 28 U.S.C § 1332. Bravo's residence is in Puerto Rico, and Fannie Mae is located in Oregon. Bravo Compl. 7. Fannie Mae seeks to add Mayor and Rodríguez, whose last known residence was in Puerto Rico. Fannie Mae Mot. 3:3.

Bravo claims that on September 15, 2017, Fannie Mae posted a notice on the entrance to the condominium building stating that Fannie Mae now owned the PH-1 apartment and naming Gretchen Garcia as the real estate agent responsible for the management of the property. *Id.* at 2:6–8. On September 20, 2017, Hurricane Maria ravaged the island of Puerto Rico. The PH-1 apartment suffered significant damages, and these damages resulted in heavy water flow seeping down into Bravo's apartment. *Id.* at 2:11–12. On October 4, 2017, Bravo sent an email to Garcia requesting that Fannie Mae take measures to fix the upstairs apartment. *Id.* at 2:14. Communications between Bravo and Ortiz and Fannie Mae allegedly continued for the following months with no substantive actions taken. *Id.* at 2:16–3:20. On April 2, 2018, Fannie Mae attempted to seal the floors and conducted a ponding test to see if the sealing work was successful. Bravo claims they were not notified of the outcome of this test. *Id.* at 3:22. Believing that the problem was resolved, Bravo began reconstructing the home. Bravo Compl. 3:23. However, a few weeks into construction, water once again began leaking down from the PH-1 apartment. *Id.* Fannie Mae allegedly ignored Bravo's subsequent attempts to communicate. *Id.* at 3:24. At the time of this case's filing, repairs had not been made to the PH-1 apartment. *Id.* at 3:25.

Mayor and Rodríguez were the prior owners of the PH-1 apartment. The bank foreclosed on them and the PH-1 apartment was sold to James B. Nutter & Company ("Nutter") in a judicial sale on August 29, 2017. Fannie Mae Mot. 4:9. Because of Hurricane Maria, FEMA implemented a 90-day moratorium on all foreclosure proceedings, and state courts of Puerto Rico also remained closed or partially closed until December 1, 2017. *Id.* at 4:11 – 5:12. As a result, the judicial sale deed was not executed until November 10, 2017. *Id.* at 5:13. On that same day, Nutter conveyed the property to Fannie Mae. *Id.* at 5:15. Fannie Mae claims that it did not become the true owner of the building until the execution of this deed. *Id.* at 5:14–15. On December 12, 2017, the Superior Court of San Juan notified the order of confirmation of sale of the property. *Id.* at 5:15. Mayor and Rodríguez continued to occupy the property, however, and refused to leave despite offers

of compensation from Fannie Mae to help with their relocation. Fannie Mae Mot. at 6:20. On February 2, 2018, the Marshal of the Superior Court of San Juan evicted Mayor and Rodríguez. *Id.* 7:23.

On January 24, 2018, Bravo brought a separate case against Mayor and Rodríguez in the Superior Court of Puerto Rico. *Viviana E. Ortiz Baxley vs. Manuel Mayor* complaint number EPD-2018-0080. *Id.* at 6:22. Bravo sued Fannie Mae in federal court in the instant case in August 2018, and Fannie Mae now seeks to add Mayor and Rodríguez as additional defendants pursuant to Fed. R. Civ. P. 19(a)(1)(B)(ii). *Id.* at 2:2; Bravo Compl. 1.

## DISCUSSION

Fannie Mae contends that it did not own the apartment at the time that the damages occurred, and thus was not in any position to prevent any damages from spreading to Bravo's apartment or repair any damages that resulted from Hurricane Maria. Fannie Mae Mot. at 7:24. Fannie Mae asserts that Mayor and Rodríguez should be joined as necessary and indispensable parties under Rules 19(a) and 19(b) because Mayor and Rodríguez's absence would leave them open to incurring double, multiple, or otherwise inconsistent obligations. *Id.* at 2:2. Bravo opposed the motion, claiming that Mayor and Rodríguez were not indispensable parties. *See* Dkt. 32.

Rule 19(a) of the Federal Rules mandates the joinder of a "required party" when feasible. *Picciotto v. Cont'l Cas. Co.*, 512 F.3d 9, 15 (1st Cir. 2008). A person is a required party if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a). There is no precise formula for determining which parties are both necessary and indispensable to a case, and Rule 19 requires that the court make "pragmatic judgments" based on the individual facts of the case, taking into account "considerations of efficiency and fairness." *Picciotto*, 512 F.3d at 14. In making this decision, the court should keep in mind the policies behind Rule 19, including "the public interest in preventing multiple and repetitive litigation, the interest of the present parties in obtaining complete and effective relief in a single action, and the interest of absentees in avoiding the possible prejudicial effect of deciding the case without them." *Id*. at 15–16.

Fannie Mae argues that joinder of Mayor and Rodríguez is necessary to avoid subjecting Fannie Mae to inconsistent obligations pursuant to Rule 19(a)(1)(B)(ii). This claim is unfounded.

The First Circuit has stated that inconsistent obligations only arise when "a party is unable to comply with one court's order without breaching another court's order concerning the same incident." *Bacardi Int'l Ltd. v. V. Suarez & Co*., 719 F.3d 1, 12 (1st Cir. 2013). Were this court to rule against Fannie Mae and award Bravo the requested damages, it is unclear what inconsistent obligations Fannie Mae might incur. Bravo's suit in the Superior Court of San Juan may also find Mayor and Rodríguez liable. Perhaps Fannie Mae believes that a ruling holding Mayor and Rodríguez liable would be incompatible with a similar finding that Fannie Mae was also liable for the damages. Findings of fault among several differing parties are not necessarily inconsistent, and such an outcome would not force Fannie Mae to undertake any inconsistent obligations. Fannie Mae is an interested party in the case moving through the Superior Court of San Juan, but is not a third-party defendant, so it would not be bound by the ruling. *See* Fannie Mae Mot. 6:22.

As for Mayor and Rodríguez, their interests would not be prejudiced by their exclusion from this case. Any claims of negligence or fault that Bravo wishes to raise against Fannie Mae would not have preclusive effect on similar claims that they could raise against Mayor and Rodríguez in future litigation. It is true that "an adverse ruling could, as

a practical matter, impair their probability of success in a future proceeding and reduce their ability to reach a favorable settlement." *Gonzalez v. Cruz*, 926 F.2d 1, 6 (1st Cir. 1991). But the risk of lowering Mayor and Rodríguez's chance at reaching a favorable settlement is greatly outweighed by the inefficiency and repetitive litigation that joinder would cause. *W Holding Co. v. Chartis Ins. Co. of Puerto Rico*, 300 F.R.D. 63, 67 (D.P.R. 2014).

Joining Mayor and Rodríguez in this case now would force them to enter a case that has been litigated for over half a year and re-litigate issues that are already being litigated in the Superior Court of San Juan. Demanding that Mayor and Rodríguez change venue after over a year of their own court proceedings and enter ongoing litigation serves no apparent benefit to them and may further delay the case at hand. *Id.* While joinder may serve the "public interest in preventing multiple litigation," to do so in this case would serve minimal, if any benefit to the parties, and would undermine general considerations of efficiency. *Id.* Bravo has an interest in the swift resolution of its claims against Fannie Mae, and joining Mayor and Rodríguez at this time would prolong the current litigation and render moot the judicial resources that have been expended thus far in the Superior Court of San Juan. *Id*.

When determining a necessary party, the court must also consider whether, in their absence, the court could accord relief among the existing parties. Fed. R. Civ. P. 19(a)(1)(A). Fannie Mae's motion does not raise any concerns that the court cannot accord relief among existing parties in the absence of Mayor and Rodríguez. *See* Fannie Mae Mot. If Bravo were to prevail, the court could render a money judgment for Bravo against Fannie Mae. Likewise, if Fannie Mae were to prevail, the court could accord relief by dismissing the claims against them and finding them not liable for the damages incurred by Bravo's apartment. Any relief that Bravo seeks from Mayor and Rodríguez will be accorded through the proceedings in the Superior Court of San Juan.

Fannie Mae contends that it did not have access to the apartment prior to February 2, 2018, and thus could not prevent any damages to Bravo's apartment prior to that date.

Puerto Rico law is unclear as to what extent the owner of a building can be held liable for damages caused by holdover tenants. The Bankruptcy Appellate Panel of the First Circuit has found that, in some circumstances, the landlord can be held liable for failing to mitigate such damages. *In re Malden Mills Indus., Inc.*, 303 B.R. 688, 705 (B.A.P. 1st Cir. 2004) (stating that under Massachusetts Law, landlords have a common law duty to mitigate damages caused by holdover tenants). There are questions of how far this liability extends to damages caused to other tenants in the same building. However, the joinder of Mayor and Rodríguez will not be necessary to answer this question of law.

Moreover, the addition of Mayor and Rodríguez is not feasible under Rule 19(b). This court's subject matter jurisdiction is based in diversity, and the addition of Mayor and Rodríguez (both residents of Puerto Rico) would destroy that. *Picciotto*, 512 F.3d at 17. Thus, Mayor and Rodríguez may only be joined if they are determined to be an "indispensable" party, that is, there can be no viable lawsuit without them. *Id.* at 20. This court must determine whether in equity and good conscience, this case should be dismissed under Rule 19(b) in their absence. The rule specifies what factors the court must consider when making this determination. *Id.* at 18.

The first factor is the extent to which a judgment might prejudice the absent or existing parties. Fed. R. Civ. P. 19(b)(1). As stated above, there is minimal risk that an adverse judgment in this case will have a significant effect on future litigation brought by or against Mayor and Rodríguez. The second factor is the extent to which this prejudice could be avoided by protective provisions, shaping the relief, or other measures. Fed. R. Civ. P. 19(b)(2). The relief in this case can be shaped so that the damages are limited to only those that Fannie Mae may be liable for, and will not negatively impact Mayor and Rodríguez. The third factor is whether a judgment rendered in the person's absence would be adequate. Fed. R. Civ. P. 19(b)(3). In this case, the court will be able to render judgment stemming from the complaints against Fannie Mae. Bravo is already seeking judgment against Mayor and Rodríguez in the Superior Court of San Juan, and this court is confident

that they will receive an adequate hearing in that venue. The fourth and final factor is whether the plaintiff would have an adequate remedy if the action was dismissed. Fed. R. Civ. P. 19(b)(4). In this case, Bravo could continue the litigation against Fannie Mae in state court, and he would have an adequate remedy in that venue. *Lightfoot v. Cendant Mortg. Corp.*, 137 S. Ct. 553, 564 (2017). However, this does not outweigh the numerous other factors that show that Mayor and Rodríguez are not an indispensable party.

Joining Mayor and Rodríguez at this time is unfeasible, would severely hinder the efficient resolution of this case, and would serve minimal, if any, benefit to the parties. Likewise, lack of joinder would cause no apparent prejudice to any of the existing parties, and this court is capable of according adequate relief among them. Therefore, ordering joinder under Rule 19(a)(2) is not appropriate in this case.

## CONCLUSION

For the foregoing reasons, this court finds that Mayor and Rodríguez are not a required party under rule 19 (a), and Fannie Mae's motion is **DENIED**

**IT IS SO ORDERED**

In San Juan Puerto Rico, this 25th day of June, 2019

*S/Bruce J. McGiverin*
BRUCE J. McGIVERIN
United States Magistrate Judge